Wells Fargo Bank, N.A. v Elsman (2020 NY Slip Op 00321)





Wells Fargo Bank, N.A. v Elsman


2020 NY Slip Op 00321


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-07068
 (Index No. 4900/12)

[*1]Wells Fargo Bank, N.A., respondent,
v
Kenneth M. Elsman, appellant, et al., defendants.


Kenneth Elsman, Baldwin, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kenneth M. Elsman appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 3, 2016. The order and judgment of foreclosure and sale, upon an order of the same court entered January 15, 2015, granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Kenneth M. Elsman and for an order of reference, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the report of the referee, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Kenneth M. Elsman and for an order of reference is denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the order entered January 15, 2015, is modified accordingly.
The plaintiff, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action to foreclose a mortgage against, among others, the defendant Kenneth M. Elsman (hereinafter the defendant), in 2012. The mortgage at issue secured a note of $468,900 with property located in Baldwin. In his answer, the defendant, inter alia, alleged lack of standing as an affirmative defense.
By notice of motion dated May 1, 2014, Wells Fargo moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered January 15, 2015, the Supreme Court granted Wells Fargo's motion.
By notice of motion dated September 16, 2015, Wells Fargo moved for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered May 3, 2016, the Supreme Court, inter alia, granted the motion for a judgment of foreclosure and sale, confirmed the report of the referee, and directed the sale of the subject premises. The defendant appeals.
"[I]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895-896). Where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief (see U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261).
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, Wells Fargo failed to establish, prima facie, that it had possession of the note prior to the commencement of the action, and thus failed to establish that it had standing to foreclose the mortgage (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see also Deutsche Bank Natl. Trust Co. v Barnett, 88 AD3d 636, 638; cf. Aurora Loan Servs., LLC v Taylor, 25 NY3d 355). Wells Fargo did not attach a copy of the note and allonge to the complaint when the action was commenced to establish, prima facie, that it had possession of the note at that time (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355; cf. JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643). Moreover, the affidavit of Wells Fargo's vice president of loan documentation was insufficient to establish that Wells Fargo possessed the note at the time the action was commenced (cf. Aurora Loan Servs., LLC v Taylor, 25 NY3d 355). Therefore, the Supreme Court should have denied Wells Fargo's motion for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The defendant's remaining contentions are academic in view of the foregoing.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court