HSBC Bank USA, N.A. v Virk (2020 NY Slip Op 04930)





HSBC Bank USA, N.A. v Virk


2020 NY Slip Op 04930


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-10314
2018-02184
 (Index No. 6534/15)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Janaminder Virk, etc., appellant, et al., defendants.


Miller, Rosado & Algios, LLP, Garden City, NY (Neil A. Miller and Christopher Rosado of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janaminder Virk appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated July 28, 2017. Each order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and to appoint a referee to calculate the amounts owed, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him for lack of standing.
ORDERED that the orders are modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Janaminder Virk, to strike that defendant's answer, and to appoint a referee to calculate the amounts owed, and substituting therefor provisions denying those branches of the motion; as so modified, the orders are affirmed insofar as appealed from, without costs or disbursements.
In 2015, the plaintiff commenced this foreclosure action, alleging that the defendant Janaminder Virk (hereinafter the defendant), had defaulted under the terms of a note and mortgage. According to the plaintiff, in August 2006, the defendant executed a consolidated adjustable rate note promising to repay Washington Mutual Bank, F.A., the principal sum of $1,722,500. The note was secured by a mortgage on certain residential property located in Nassau County. The plaintiff also alleged that, by an assignment of mortgage dated September 15, 2009, Washington Mutual Bank, F.A., assigned the mortgage to the plaintiff.
In his answer, the defendant asserted, inter alia, the affirmative defense that the plaintiff lacked standing to commence the action.
The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee [*2]to calculate the amounts owed. In support of the motion, the plaintiff alleged that the original note had been lost, and submitted, inter alia, an affidavit, dated December 27, 2006, sworn to by Pamela Bethea, an assistant vice president of Washington Mutual Bank, F.A., regarding the lost note (hereinafter the affidavit of lost note), and a photocopy of the note. In the affidavit of lost note, Bethea did not offer any details as to the circumstances under which the note was purportedly lost, but averred that she conducted a diligent search on the day she executed the affidavit of "all of [the] files," consisting of "a thorough audit of the customary filing locations, inclusive of the original credit file." Bethea also averred that "[a]ll applicable departments [were] required to conduct an audit of their areas to locate said [note]." No document assigning the note to the plaintiff was annexed to the complaint or submitted in support of the plaintiff's motion for summary judgment.
As is relevant to this appeal, the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him based on a lack of standing. In two separate orders, both dated July 28, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689 [internal quotation marks omitted]). Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant's answer, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754; see also Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Wells Fargo Bank, N.A. v Elsman, 179 AD3d 867, 869; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Wells Fargo Bank, N.A. v Elsman, 179 AD3d at 869; U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
"Pursuant to UCC 3-804, the owner of a lost note may maintain an action upon due proof of [1] his [or her] ownership, [2] the facts which prevent his [or her] production of the instrument and [3] its terms. The party seeking to enforce a lost instrument is required to account for its absence" (U.S. Bank N.A. v Cope, 175 AD3d 527, 529 [internal quotation marks omitted]).
Here, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to calculate the amounts owed. The plaintiff failed to proffer evidence establishing that the note was assigned to it, and the affidavit of lost note submitted in support of its motion failed to establish the facts that prevented the plaintiff from producing the original note (see UCC 3-804; U.S. Bank N.A. v Cope, 175 AD3d at 529; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045). We also note that Bethea's out-of-state affidavit lacked a certificate of conformity as required by CPLR 2309(c), although such defect by itself would not be fatal to the plaintiff's motion (see U.S. Bank N.A. v Cope, 175 AD3d at 529; Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071).
However, we agree with the Supreme Court's determination to deny the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. "[A]s a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (Martinez v 1261 Realty Co., LLC, 121 AD3d 955, 956 [internal quotation marks omitted]). The defendant's conclusory claim that the plaintiff lacked standing, without more, was insufficient to meet his prima facie burden for summary judgment (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 22; see also U.S. Bank N.A. v Cope, 175 AD3d at 530).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court