Trust v Moneta (2020 NY Slip Op 05181)





Trust v Moneta


2020 NY Slip Op 05181


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2017-05114
 (Index No. 5538/14)

[*1]Christiana Trust, etc., respondent,
v
Orit Moneta, et al., appellants, et al., defendants.


Orit Moneta and Amnon Moneta, Great Neck, NY, appellants pro se.
Knuckles Komosinski & Manfro LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Orit Moneta and Amnon Moneta appeal from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 2, 2018. The judgment, upon an order of the same court dated November 10, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and to appoint a referee to compute the amount due to the plaintiff, and denying those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them, inter alia, directed the sale of the subject property.
ORDERED that the judgment is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Orit Moneta and Amnon Moneta, to strike those defendants' answer, and for an order of reference are denied, and the order dated November 10, 2016, is modified accordingly.
In June 2014, the plaintiff commenced this foreclosure action alleging that the defendants Orit Moneta and Amnon Moneta (hereinafter together the defendants) had defaulted under the terms of a consolidated note and mortgage. The plaintiff alleged that on March 19, 2008, the defendants executed a consolidated adjustable rate note in favor of Wells Fargo Bank, N.A. (hereinafter Wells Fargo), in the principal sum of $1,800,000. On the same date, the note was secured by a consolidated mortgage on a residential property located in Great Neck. The plaintiff further alleged that on May 31, 2013, Wells Fargo assigned the subject mortgage to the plaintiff. No copy of the note was annexed to the complaint.
The defendants served an answer which contained numerous affirmative defenses, including the plaintiff's lack of standing and failure to comply with RPAPL 1304.
After joinder of issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for the appointment of a referee. In support of its motion, the plaintiff submitted an affidavit of lost note from a vice president of loan documentation for Wells Fargo, asserting that the original copy of the note at issue [*2]had been lost. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them, among other reasons, due to the plaintiff's lack of standing and failure to comply with RPAPL 1304. In an order dated November 10, 2016, the Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross motion. A judgment of foreclosure and sale was subsequently entered. The defendants appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689 [internal quotation marks omitted]). Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant's answer, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Wells Fargo Bank, N.A v Elsman, 179 AD3d 867, 869; U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Wells Fargo Bank, N.A v Elsman, 179 AD3d at 869; U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
"Pursuant to UCC 3-804, the owner of a lost note may maintain an action upon due proof of (1) his or her ownership, (2) the facts which prevent his or her production of the instrument and (3) its terms. The party seeking to enforce a lost instrument is required to account for its absence" (U.S. Bank N.A. v Cope, 175 AD3d 527, 529 [internal quotation marks omitted]).
Here, the plaintiff failed to proffer evidence establishing that the note was assigned to it, and the affidavit of lost note submitted in support of its motion failed to establish the facts that prevented the plaintiff from producing the original note (see UCC 3-804; U.S. Bank N.A. v Cope, 175 AD3d at 529; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044-1045). We also note that the out-of-state affidavit from the vice president of loan documentation for Wells Fargo lacked a certificate of conformity as required by CPLR 2309(c), although such defect by itself would not be fatal to the plaintiff's motion (see U.S. Bank N.A. v Cope, 175 AD3d at 529; Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071).
"'Although not jurisdictional, proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Aurora Loan Serv., LLC v Vrionedes, 167 AD3d 829, 831, quoting HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (PennyMac Corp. v Khan, 178 AD3d 1064, 1065-1066 [internal quotation marks omitted]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, although the plaintiff submitted a copy of the 90-day notice purportedly sent to the defendants, it failed to submit an affidavit of service or other proof of mailing establishing that it properly served them by registered or certified mail and first-class mail in accordance with RPAPL 1304 (see PennyMac Corp. v Khan, 178 AD3d 1064; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016). Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Since the plaintiff failed to satisfy its prima facie burden of demonstrating its entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of its motion which were for summary judgment insofar as asserted against the defendants, to strike their answer, and to appoint a referee regardless of the sufficiency of their opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's determination to deny the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. "[A]s a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense"(Martinez v 1261 Realty Co., LLC, 121 AD3d 955, 956 [internal quotation marks omitted]). The defendants' conclusory claim that the plaintiff lacked standing, without more, was insufficient to meet their prima facie burden for summary judgment (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 22). Nor are the defendants entitled to summary judgment dismissing the complaint insofar as asserted against them on the basis of the plaintiff's alleged failure to comply with the notice requirements of RPAPL 1304. The defendants' bare denial of receipt of the RPAPL 1304 notice, without more, was insufficient to establish their prima facie entitlement to judgment as a matter of law (see PennyMac Corp. v Khan, 178 AD3d at 1064; Citibank, N.A. v. Conti-Scheurer, 172 AD3d at 24; LNV Corp. v Sofer, 171 AD3d 1033, 1038).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court