Bank of N.Y. Mellon v Porfert (2020 NY Slip Op 06083)





Bank of N.Y. Mellon v Porfert


2020 NY Slip Op 06083


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-01447
 (Index No. 60242/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Kenneth Porfert, appellant, et al., defendants. Jeffrey Herzberg, P.C., Hauppauge, NY, of counsel, for appellant.


Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kenneth Porfert appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered August 23, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated November 20, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and denying that defendant's cross motion pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him, and upon an order of the same court, also dated November 20, 2017, inter alia, referring the matter to a referee to compute the amount due to the plaintiff, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Kenneth Porfert, to strike that defendant's answer, and for an order of reference are denied, and the orders dated November 20, 2017, are modified accordingly.
On January 14, 2014, the plaintiff commenced this action against, among others, the defendant Kenneth Porfert (hereinafter the defendant) to foreclose a mortgage on certain residential property located in Manorville. The defendant interposed an answer in which he asserted as affirmative defenses, among other things, that the plaintiff lacked standing and failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that a prior action to foreclose the mortgage was pending. In two orders dated November 20, 2017, the Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and referred the matter to a referee to compute the amount due to the plaintiff. The court then issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the property. The defendant appeals.
The evidence submitted by the plaintiff failed to establish, prima facie, that it strictly [*2]complied with RPAPL 1304 or that it had standing to commence the foreclosure action. Therefore, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
RPAPL 1304 requires that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer must give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Viviane Etienne Med. Care, P.C. v. Country-Wide Ins. Co., 25 NY3d 498, 508-509; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Here, the plaintiff failed to submit an affidavit of mailing or proof of first-class mailing by the United States Postal Service evidencing that it properly mailed notice to the defendant pursuant to RPAPL 1304. Instead, the plaintiff relied on an affidavit of Sherry Benight, who was employed as a document control officer for Select Portfolio Servicing, Inc. (hereinafter SPS), which began servicing the subject loan on the plaintiff's behalf on July 15, 2015, as well as copies of the purported notices, dated July 22, 2013. Although one of the notices contained a first-class mail 10-digit barcode, the plaintiff submitted no evidence that the letter was actually sent by first-class mail more than 90 days prior to commencement of the action. In her affidavit, Benight stated that she could confirm that the notice was sent to the defendant on July 22, 2013. However, Benight did not have personal knowledge of the purported mailing. Further, since she did not aver that she was familiar with the mailing practices and procedures of Bank of America, N.A., the entity that purportedly sent the notices, she did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242; U.S. Bank N.A. v Henderson, 163 AD3d 601, 603; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 738). To the extent that Benight relied upon a screenshot of a TrackRight Transaction Report, she failed to establish how or when the report was created, that it was made in the regular course of business, or that it was created soon after the notices were purportedly mailed to the defendant (see CPLR 4518[a]; JPMorgan Chase Bank, N.A. v Skluth, 177 AD3d 592, 594; Bank of N.Y. Mellon v Weber, 169 AD3d 981, 984; McBryant v Pisa Holding Corp., 110 AD3d 1034, 1035). Accordingly, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304.
In a mortgage foreclosure action, where, as here, a defendant places standing in issue, a plaintiff must prove standing as part of its prima facie showing on a motion for summary judgment (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
The subject note is dated August 26, 2004, and is in favor of nonparty Full Spectrum Lending, Inc. It includes an undated indorsement from Full Spectrum Lending, Inc., to nonparty [*3]Countrywide Home Loans, and an undated indorsement in blank from Countrywide Home Loans. In support of its motion for summary judgment, the plaintiff asserted that it was the holder of the note at the time the action was commenced. Initially, while the plaintiff asserted that the note was attached to the complaint (see CitiMortgage, Inc. v Chako, 181 AD3d 789, 790), the plaintiff failed to establish that a copy of the note was attached to the complaint. The only copy of the complaint in the record before us was submitted as an exhibit to the plaintiff's motion, and it does not include a copy of the note (see HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 953-954).
The plaintiff also attempted to establish standing through the submission of Benight's affidavit, but this also was insufficient. Benight asserted that the original note was delivered to the plaintiff on September 7, 2004, and that the plaintiff had since remained in possession of the note. Benight, however, did not have personal knowledge of the plaintiff's receipt of the note, did not attest that she had personal knowledge of the plaintiff's business practices and procedures, and also did not submit any admissible business records to show that the plaintiff possessed the note at the time this action was commenced (see CPLR 4518[a]; Ocwen Loan Servicing, LLC v Schacker, 185 AD3d 1041, 1043; Bank of N.Y. Mellon v Weber, 169 AD3d at 984).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's determination denying the defendant's cross motion pursuant to CPLR 3211(a)(4) to dismiss the complaint insofar as asserted against him on the ground that a prior action to foreclose the mortgage was then pending. Pursuant to CPLR 3211(a)(4), a party may move to dismiss a cause of action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." However, "the court need not dismiss upon this ground but may make such order as justice requires" (CPLR 3211[a][4]). Under the circumstances of this case, where there had been no activity in the prior action since 2006, the court providently exercised its discretion in denying the defendant's cross motion to dismiss the complaint insofar as asserted against him on this ground (see 21st Mtge. Corp. v Ahmed, 173 AD3d 951, 952-953).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court