U.S. ROF III Legal Tit. Trust 2015-1 v Hayes (2020 NY Slip Op 06311)





U.S. ROF III Legal Tit. Trust 2015-1 v Hayes


2020 NY Slip Op 06311


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-02295
2019-00710
 (Index No. 6157/15)

[*1]U.S. ROF III Legal Title Trust 2015-1, etc., respondent,
v
Suzanne Hayes, etc., appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Knuckles Komosinski & Manfro, LLP, Elmsford, NY (Loretta Carty of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Suzanne Hayes appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 1, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated September 24, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne Hayes, to strike that defendant's answer, and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Suzanne Hayes, to strike that defendant's answer, and for an order of reference are denied, the order is modified accordingly, and the answer of that defendant is reinstated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Suzanne Hayes.
The appeal from the order entered December 1, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In July 2015, Bank of America, N.A. (hereinafter BANA), commenced this action against, among others, the defendant Suzanne Hayes (hereinafter the defendant) to foreclose a mortgage on real property located in West Hempstead. The defendant interposed an answer asserting various affirmative defenses, including the lender's failure to comply with RPAPL 1304.
BANA moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order entered December 1, 2017, the Supreme Court, among other things, granted those branches of BANA's motion. Thereafter, the court entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
RPAPL 1304 requires that at least 90 days prior to commencement of a foreclosure action, specified notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). Proof of the requisite mailing "'can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 866, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Here, BANA failed to submit either proof of the actual mailing of the RPAPL 1304 notice or proof of a standard office mailing procedure sworn to by someone with personal knowledge of the procedure. Although BANA proffered a copy of the notice and mailing envelopes, the envelopes are not postmarked or dated, and BANA did not submit mailing receipts or any other United States Postal Service documentation to evidence that the notices were actually sent (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Further, the affidavit of a representative of the loan servicer for BANA's assignee was insufficient, as the affiant did not attest to familiarity with or provide any proof of the mailing procedures utilized by the party that allegedly mailed the RPAPL 1304 notice (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Accordingly, BANA failed to demonstrate its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendant, and that branch of its motion, as well as those branches which were to strike the defendant's answer and for an order of reference, should have been denied.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court