21st Mtge. Corp. v Broderick (2021 NY Slip Op 00825)





21st Mtge. Corp. v Broderick


2021 NY Slip Op 00825


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-03385
2020-05116
 (Index No. 19497/13)

[*1]21st Mortgage Corporation, respondent,
v
Nicole Broderick, appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Taroff & Taitz, LLP, Bohemia, NY (Steven Taitz and Linda D. Calder of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nicole Broderick appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated March 5, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated March 5, 2020. The order granted the plaintiff's motion to confirm the referee's report, for a judgment of foreclosure and sale, and for an award of attorney's fees. The order and judgment of foreclosure and sale, upon an order of the same court dated July 30, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nicole Broderick, to strike her answer, and for an order of reference, and upon a second order of the same court, also dated July 30, 2019, among other things, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, inter alia, directed the sale of the subject property and awarded attorney's fees to the plaintiff in the sum of $9,500.
ORDERED that the appeal from the order dated March 5, 2020, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nicole Broderick, to strike her answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report, for a judgment of foreclosure and sale, and for an award of attorney's fees is denied, and the two orders dated July 30, 2019, and the order dated March 5, 2020, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Nicole Broderick.
The appeal from the order dated March 5, 2020 (hereinafter the March 2020 order), must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the March 2020 order, and those from an order dated July 30, 2019 (hereinafter the first July 2019 order), inter alia, granting those branches of the plaintiff's motion [*2]which were for summary judgment on the complaint insofar as asserted against the defendant Nicole Broderick (hereinafter the defendant), to strike her answer, and for an order of reference, and another order, also dated July 30, 2019 (hereinafter the second July 2019 order), inter alia, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In July 2013, Wells Fargo, Bank, N.A. (hereinafter Wells Fargo), commenced this action alleging that the defendant defaulted on a note she had executed in favor of Wells Fargo in the principal sum of $272,000. The note was secured by a mortgage against certain real property located in Suffolk County. The defendant thereafter answered the complaint. By so-ordered stipulation dated October 24, 2018, 21st Mortgage Corporation, Wells Fargo's successor in interest, was substituted as the plaintiff.
In January 2019, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. In the first July 2019 order, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike that defendant's answer, and for an order of reference. In the second July 2019 order, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
In December 2019, the referee issued her report, and the plaintiff then moved to confirm the referee's report, for a judgment of foreclosure and sale, and for an award of attorney's fees. The defendant opposed the motion. In the March 2020 order, the Supreme Court granted the plaintiff's motion. In an order and judgment of foreclosure and sale, also dated March 5, 2020, the court granted the plaintiff's motion, directed the sale of the subject property, and awarded the plaintiff attorney's fees in the sum of $9,500. The defendant appeals.
"'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1134, quoting US Bank N.A. v Sabharwal, 175 AD3d 1454, 1455 [internal quotation marks omitted]). "Where, as here, 'the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant'" (U.S. Bank N.A. v Bochicchio, 179 AD3d at 1134, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203).
Contrary to the defendant's contention, here, the plaintiff established, prima facie, that its predecessor in interest, Wells Fargo, had standing to commence this action because it annexed a copy of the note, endorsed in blank, to the complaint when this action was commenced (see Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 769). In support of its motion for summary judgment, the plaintiff also submitted an affidavit of its legal affairs representative who averred that the note was thereafter transferred to the plaintiff. In opposition, the defendant failed to raise a triable issue of fact as to the issue of standing.
However, the plaintiff was not entitled to summary judgment, as the plaintiff failed to establish that it complied with the notice requirements of RPAPL 1304 (see U.S. ROF III Legal Tit. Trust 2015-1 v Hayes, 188 AD3d 758, 759-780). In a residential foreclosure action, a plaintiff moving for summary judgment must proffer "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with [*3]RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (id. at 20-21 [internal quotation marks omitted]).
Here, the only purported evidence submitted by the plaintiff in support of its motion to show that it complied with RPAPL 1304 was a hearsay statement in the affidavit of the plaintiff's legal affairs representative. Moreover, contrary to the plaintiff's assertions, the 90-day notice which was attached to her affirmation does not demonstrate that the mailing requirements of RPAPL 1304 were met (see Christiana Trust v Moneta, 186 AD3d 1604). The plaintiff failed to submit an affidavit of service or proof of first-class mailing by the United States Postal Service evidencing that the defendant was served by first-class mail in accordance with RPAPL 1304 (see Bank of N.Y. Mellon v Porfert, 187 AD3d 1110, 1112; Christiana Trust v Moneta, 186 AD3d 1604). The plaintiff not only failed to provide proof of the actual first-class mailing, but its legal affairs representative also lacked personal knowledge of the purported mailing and did not aver that she was familiar with the mailing practices and procedures of the entity that purportedly sent the notices (see U.S. ROF III Legal Tit. Trust 2015-1 v Hayes, 188 AD3d at 759-760; Bank of NY Mellon v Porfert, 187 AD3d at 1112-1113). Thus, the plaintiff submitted no evidence that the letter had been sent to the defendant by first-class mail more than 90 days prior to commencement of the action (see Christiana Trust v Moneta, 186 AD3d 1604). That deficiency alone is sufficient to defeat summary judgment (see Bank of N.Y. Mellon v Porfert, 187 AD3d at 1112-1113). Accordingly, the plaintiff failed to establish strict compliance with RPAPL 1304, and therefore, summary judgment and the related relief should have been denied and the judgment of foreclosure and sale should not have been entered (see JP Morgan Chase Bank, N.A. v Gershfeld, 187 AD3d 1003, 1005; Christiana Trust v Moneta, 186 AD3d 1604), without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court