U.S. Bank N.A. v Campbell (2022 NY Slip Op 01198)





U.S. Bank N.A. v Campbell


2022 NY Slip Op 01198


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2018-05677
 (Index No. 708667/16)

[*1]U.S. Bank National Association, respondent,
v
Anthony Campbell, etc., appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony Campbell appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered December 20, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate an order of the same court (Marguerite A. Grays, J.) entered June 6, 2017, sua sponte, directing dismissal of the complaint without prejudice, and to restore the action to the active calendar, and thereupon, for summary judgment on the complaint insofar as asserted against the defendant Anthony Campbell, to strike that defendant's answer, and to appoint a referee to compute the amount due.
ORDERED that the order entered December 20, 2017, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Anthony Campbell, to strike that defendant's answer, and to appoint a referee to compute the amount due, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order entered December 20, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Anthony Campbell (hereinafter the defendant), and the defendant thereafter answered the complaint. At a status conference held on September 21, 2016, a court attorney referee issued an order directing the plaintiff to file an application for an order of reference by the date of the next status conference, scheduled for January 31, 2017. The plaintiff failed to comply, and the court attorney referee again issued an order directing the plaintiff, inter alia, to file an application for an order of reference by the next status conference date, scheduled for April 25, 2017. The plaintiff again failed to comply, and the court attorney referee issued a report recommending that the action be dismissed without prejudice due to the plaintiff's failure to comply with the prior orders directing it to file an application for an order of reference. Thereafter, following the recommendation of the court attorney referee, the Supreme Court directed dismissal of the complaint without prejudice by [*2]order entered June 6, 2017.
By notice of motion dated June 26, 2017, the plaintiff moved, inter alia, to vacate the dismissal order and to restore the action to the active calendar, and thereupon, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due. In an order entered December 20, 2017, the Supreme Court granted the plaintiff's motion. The defendant appeals.
Since issue was joined in this action, the plaintiff could move for summary judgment (see CPLR 3212), or proceed to trial. The Supreme Court was without authority to, sua sponte, direct dismissal the complaint based upon the plaintiff's failure to comply with its directive to proceed by motion, which would have required a motion for summary judgment. Thus, this Court need not reach the issue of whether the plaintiff proffered a reasonable excuse for its delay in moving for summary judgment.
However, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due. Contrary to the plaintiff's contention, the defendant properly raised as an affirmative defense that the plaintiff failed to comply with the notice of default provision of the mortgage. In support of its motion for summary judgment, the plaintiff submitted the affidavit of Becky J. Layman, an officer of the plaintiff. Layman's assertions that the plaintiff complied with the notice of default provision of the mortgage and that the plaintiff complied with the notice provision of RPAPL 1304 were insufficient, since she failed to provide proof of the actual mailings or attest to knowledge of the plaintiff's mailing practices and procedures (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24). Layman's affidavit was also insufficient to establish, prima facie, that the defendant defaulted under the note and mortgage, since her purported knowledge was based upon review of unidentified business records which were not attached to her affidavit (see Bank of Am., N.A. v Huertas, 195 AD3d 891, 892). Thus, her assertions regarding the defendant's default, without the business records upon which she relied in making those assertions, constituted inadmissible hearsay (see Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1762; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee to compute the amount due.
BARROS, J.P., CHAMBERS, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court