Federal Natl. Mtge. Assn. v Young (2022 NY Slip Op 04292)

Federal Natl. Mtge. Assn. v Young

2022 NY Slip Op 04292

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-11325
 (Index No. 503218/15)

[*1]Federal National Mortgage Association, etc., respondent,
v
Althea Young, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck and Oran Schwager of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Althea Young and Norman I. Young appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 4, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their fourth affirmative defense, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Althea Young and Norman I. Young, to strike their fourth affirmative defense, and for an order of reference are denied.
In March 2014, the plaintiff commenced this action against, among others, the defendants Althea Young and Norman I. Young (hereinafter together the defendants) to foreclose a mortgage on certain real property located in Brooklyn. The defendants interposed an answer in which they asserted various affirmative defenses, including a fourth affirmative defense that the plaintiff failed to comply with the notice of default provision in the mortgage agreement. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their affirmative defenses, and for an order of reference. The defendants opposed the motion, contending, among other things, that the plaintiff failed to comply with the notice provisions of the mortgage agreement and RPAPL 1304. By order dated September 4, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendants appeal.
RPAPL 1304 requires that, at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a [*2]condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Bank of N.Y. Mellon v Porfert, 187 AD3d 1110, 1112; Citimortgage Inc. v Banks, 155 AD3d 936, 936-937), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Bank of N.Y. Mellon v Porfert, 187 AD3d at 1112).
"By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 851; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Here, the plaintiff failed to establish its strict compliance with RPAPL 1304. The plaintiff relied on copies of the RPAPL 1304 notices allegedly mailed, purported domestic return receipts, and an affidavit of Catherine Rogers, a foreclosure specialist for Seterus, Inc., the plaintiff's purported servicer. However, the domestic return receipts were unsigned and undated, and there was no other indication that the certified or first class mailings were accepted by the post office for mailing. Rogers also did not aver that she had personal knowledge of the mailing or of Seterus, Inc.'s standard office procedure designed to ensure that the notices were mailed. Thus, contrary to the plaintiff's contention, it failed to establish, prima facie, that it strictly complied with RPAPL 1304 (see U.S. Bank N.A. v Campbell, 202 AD3d 1137, 1139; Wells Fargo Bank, N.A. v Tricario, 180 AD3d at 851; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892). The plaintiff also failed to establish, prima, facie, that it complied with the notice of default requirement of the mortgage agreement (see Ditech Fin., LLC v Naidu, 198 AD3d 611, 615; Wells Fargo Bank, N.A. v Tricario, 180 AD3d at 851-852).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their fourth affirmative defense, and for an order of reference.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court