Newburgh Realty II, LLC v IPA Asset Mgt., LLC (2025 NY Slip Op 02926)

Newburgh Realty II, LLC v IPA Asset Mgt., LLC

2025 NY Slip Op 02926

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-07234
 (Index No. 600124/23)

[*1]Newburgh Realty II, LLC, respondent, 
v
IPA Asset Management, LLC, et al., appellants, et al., defendants.

New York Litigation Group, PLLC, Rochester, NY (Austin T. Shufelt and Christopher Thompson of counsel), for appellants.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 9 for the partition and sale of real property, the defendants IPA Asset Management, LLC, and Island Properties & Associates, LLC, appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated June 7, 2023. The order denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In 2007, the defendant Island Properties & Associates, LLC (hereinafter Island Properties), acquired title to certain real property located in the Town of Southampton (hereinafter the property). In December 2018, Island Properties entered into a contract of sale with the plaintiff and the defendant IPA Asset Management, LLC (hereinafter IPA and, together with Island Properties, the defendants), whereby it agreed to sell a 66% interest in the property to the plaintiff and a 34% interest to IPA. The parties scheduled a closing with respect to this transaction on December 26, 2018. According to the plaintiff, at the closing, Island Properties conveyed title to the property to the plaintiff and IPA as tenants in common. In late 2022, Brian Schuman, the plaintiff's managing member, learned that Island Properties had offered to sell the property to the Town and that the Town Board of the Town of Southampton had passed a resolution authorizing the purchase thereof.
In January 2023, the plaintiff commenced this action against the defendants, among others, inter alia, pursuant to RPAPL article 9 for the partition and sale of the property. The plaintiff annexed to the complaint a copy of a deed, which allegedly conveyed title to the property to the plaintiff and IPA as tenants in common (hereinafter the deed). The deed purportedly was executed by David D. DeRosa, the defendants' managing member. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, contending that the plaintiff lacked standing to maintain this action. The plaintiff opposed the motion. By order dated June 7, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
"While CPLR 3211(a)(3) speaks to the plaintiff's lack of 'capacity' as a basis for dismissing complaints, decisional authorities have addressed a party's lack of standing as within the scope of the same statutory subdivision" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89). "Where a defendant seeks dismissal pursuant to CPLR 3211(a)(3) based on lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (Fossella v Adams, 225 AD3d 98, 108 [internal quotation marks omitted]). "To defeat a defendant's motion to dismiss, the plaintiff has no burden of establishing its standing as a matter of law, but must merely raise a question of fact as to the issue" (Sikh Forum, Inc. v Saluja, 227 AD3d 1024, 1025 [internal quotation marks omitted]).
"A person holding and in possession of real property as joint tenant or tenant in common" has standing to "maintain an action for the partition" and sale "of the property" (RPAPL 901[1]; see LCD Holding Corp. v Powell-Allen, 203 AD3d 811, 813; Adams v Holt, 141 AD2d 481, 481-482). Moreover, "[i]n order to transfer title, an executed deed must be delivered to and accepted by the grantee, or to a third party on the grantee's behalf" (Matter of Humann, 136 AD3d 1036, 1036 [citation omitted]; see Real Property Law § 244; Munoz v Wilson, 111 NY 295, 303). "As a general rule, a deed is presumed to have been delivered and accepted at its date; however, this presumption must yield to opposing evidence" (M & T Real Estate Trust v Doyle, 20 NY3d 563, 568 [internal quotation marks omitted]; see Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372). However, evidence that a deed was never recorded is "not sufficient to overcome the presumption of delivery, since recording is not required in order to transfer title to real property" (Matter of Humann, 136 AD3d at 1037; see Real Property Law § 291; Town of N. Hempstead v County of Nassau, 162 AD3d 705, 708).
Here, the defendants, as movants, failed to meet their prima facie burden of establishing the plaintiff's lack of standing (see Fossella v Adams, 225 AD3d at 108; HSBC Bank USA, N.A. v Virk, 186 AD3d 1343, 1345-1346). In support of their motion, the defendants asserted that the plaintiff lacked standing to maintain its cause of action for partition and sale, as the plaintiff purportedly did not have any ownership or possessory interest in the property (see RPAPL 901[1]). The defendants contended that Island Properties never delivered the deed to the plaintiff and never recorded the deed, and that, in any event, DeRosa's signature thereon was not notarized. However, contrary to the defendants' contention, the fact that the deed was never recorded was insufficient to demonstrate that it was not delivered to the plaintiff or that the conveyance was otherwise invalid (see Town of N. Hempstead v County of Nassau, 162 AD3d at 708; Matter of Humann, 136 AD3d at 1036). Similarly, the fact that DeRosa's signature was not notarized failed to establish that the deed was not delivered or that it was invalid (see Matisoff v Dobi, 90 NY2d 127, 134; 80P2L LLC v U.S. Bank Trust, N.A., 194 AD3d 593, 603). Finally, the defendants failed to meet their prima facie burden of establishing the plaintiff's lack of standing through DeRosa's conclusory assertion in an affidavit, without more, that "there was no delivery . . . of the deed" (see HSBC Bank USA, N.A. v Virk, 186 AD3d at 1345-1346). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for partition and sale of the property.
The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for an accounting. "[B]ecause a partition action is equitable in nature, an accounting is a necessary incident thereto" (Khotylev v Spektor, 165 AD3d 1088, 1090 [internal quotation marks omitted]; see Giglio v Giglio, 46 AD2d 921, 921).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court